LANDON D. BAILEY (State Bar No. 240236)
BAILEY PLC
1200 Suncast Lane, Suite 7
El Dorado Hills, CA 95762
Telephone: (916) 713-2580
Email: landon@baileyplc.com

DAVID BERTEN (*pro hac vice to be filed*)
ALISON A. RICHARDS (*pro hac vice to be filed*)
Global IP Law Group, LLC
55 West Monroe Street
Suite 3400
Chicago, IL 60603
Telephone: (312) 241-1500
Email: dberten@giplg.com
arichards@giplg.com

Attorneys for Plaintiff
Kageta Tech LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAGETA TECH LLC, a California Limited Liability Company;<br><br>        Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>        Defendant. | CASE NO.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, against Defendants Ford Motor Company ("Ford" or "Defendant") for infringement of three U.S. patents owned by Kageta Tech: U.S. Patent Nos. 9,154,746 ("the '746 patent"); 9,882,319 ("the '319 patent"); 10,418,757 (the '757 patent") and 11,075,489 ("the '489 patent") (collectively, the "Patents-in-Suit").

# THE PARTIES

1. Plaintiff Kageta Tech LLC ("Kageta Tech") is a limited liability company organized under the laws of the State of California with a principal address at 500 Prairie Falcon Court, El Dorado Hills, CA  Sacramento, California 95762.

2. Scott Kageta, the Manager of Kageta Tech, is the named inventor on the Patents-in-Suit.  Mr. Kageta resides in El Dorado, California.

3. Defendant Ford Motor Company ("Ford") is a company currently organized under the laws of the state of Delaware.

4. Ford makes, uses, offers for sale and sells automobiles, automobile parts, and automobile accessories including pickup trucks under the Ford "F Series" brand name.

5. Ford also offers for sale and sells an accessory kit including at least: (1) a camera intended to be mounted on the back of a trailer or other towed vehicle; and (2) an interface designed to be installed near a truck bumper for connecting the camera attached to the trailer to video system of the truck.

6. Ford sells the items described above under several names including "Customer Placed Trailer Kit," "Trailer Mounted Camera Only Kit," and "Trailer Camera and Trailer TPMS Kit."

7. For purposes of this complaint, the accessory kit that includes the trailer-mounted camera and truck-installed video interface will be referred to as the "Ford Trailer Camera and Interface Kit."

8. To date, it appears that Ford and Ford dealers have sold the Ford Trailer Camera and Interface Kit using several part numbers including HC3Z-19G490-K, LC3Z-1A189-D, and LC3Z-1A189-F.

9. The Ford Trailer Camera and Interface Kit includes a component intended to be installed on a truck that has connectors on one side for connecting wires from the truck and connectors on the other side for connecting wires from a trailer or other towed vehicle. For purposes of this complaint, the component will be referred to as the "Accused Truck/Trailer Interface."

## JURISDICTION AND VENUE

10. This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and, more particularly 35 U.S.C. § 271.

11. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in which the district courts have original and exclusive jurisdiction of any civil action for patent infringement.

12. Defendant Ford is subject to this Court's general personal jurisdiction due at least to its substantial business conducted in this District, including: Ford maintains a large regional distribution center in Manteca, California; Ford has solicited business in the State of California, transacted business within the State of California and attempted to derive financial benefit from residents of the State of California and in this District.

13. Ford's activities in California and this District include deriving benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in California and in this District, and (iii) having committed the complained of tortious acts in California and in this District.

14. Ford maintains a place of business in this District including at least the Ford Motor Company HVC/HCC Distribution Center at 1260 Phoenix Drive Manteca, CA 95336.  This facility is also sometimes referred to as the Ford Motor Company Sacramento Parts Depot.

15. On information and belief, Ford sells and distributes the Ford Trailer Camera and Interface Kit out of the Ford Motor Company Sacramento Parts Depot in Manteca, CA.

16. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant is subject to personal jurisdiction in this District, has transacted business in this District, and has committed acts of patent infringement in this District.

17. The Accused Truck/Trailer Interface bears a U.S. Patent number (9,917,389) which is assigned to the German company Erich Jaeger GmbH. The box Accused Truck/Trailer Interface comes in a box with a "made in Germany" label.

18. The Ford Trailer Camera and Interface Kit ships from Mexico.

19. Plaintiff Kageta Tech is operated by Scott Kageta, who resides in El Dorado, California, which is located in the Eastern District of California.

## BACKGROUND FACTS REGARDING THE KAGETA TECH PATENTS

20. Kageta Tech is the owner of record and assignee of each of the Patents-in-Suit.

21. Kageta Tech has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

22. On October 6, 2015, the '746 Patent entitled "Rear Camera System for a Vehicle with a Trailer" was duly and legally issued by the USPTO.

23. On January 30, 2018, the '319 Patent entitled "Rear Camera System for a Vehicle with a Trailer" was duly and legally issued by the USPTO.

24. On September 17, 2019, the '757 Patent entitled "Rear Camera System for a Vehicle with a Trailer" was duly and legally issued by the USPTO.

25. On July 27, 2021, the '489 Patent entitled "Rear Camera System for a Vehicle with a Trailer" was duly and legally issued by the USPTO.

26. The claims of the Patents-in-Suit are directed to subject matter that is patent eligible.

27. The claims of the Patents-in-Suit do not cover an abstract idea.

28. In correspondence dating back to 2017, Ford never raised a concern that the Patents-in-Suit were directed to subject matter that is not patent eligible.

29. Ford has sought and maintains its own patents generally directed to the technical field of cameras used in automobiles, and more particularly to the use of cameras with trailers towed by automobiles.

30. For example, a search at Google Patents for patents and patent applications assigned to Ford Motor Company or its subsidiary Ford Global Technologies LLC for the keywords "trailer backup camera" yields about 352 results.

31. Among the patents assigned to Ford (or its subsidiary Ford Global Technologies LLC) are the following:

| Patent or Patent Application Number | Title |
| --- | --- |
| US20210237646A1 | 360 Degree Trailer Camera View System |
| US10232799B2 | Cameras and Camera Housings for Vehicle Trailers |
| US9836060B2 | Trailer Backup Assist System with Target Management |

32. Ford maintains that U.S. Patent No. 10,232,799 is directed to patent-eligible subject matter.

33. Ford has not surrendered U.S. Patent No. 10,232,799 to the public on the basis that it is directed to patent-ineligible subject matter.

34. Ford maintains that U.S. Patent No. 9,836,060 is directed to patent-eligible subject matter.

35. Ford has not surrendered U.S. Patent No. 9,836,060 to the public on the basis that it is directed to patent-ineligible subject matter.

**FORD'S INFRINGING PRODUCTS**

36. Ford sells many different models of "F-Series" pickup trucks, with many different trim packages and options.

37. Ford F-Series pickup trucks include the Ford F150, the Ford F250, and the Ford F350 models. Ford markets the F250 and F350 models under the name "Super Duty."

38. Ford has sold and sells Super Duty pickup trucks with a video-monitoring system and a rear-facing backup camera on the back end of the truck.

39. Ford has sold and sells, as standard equipment on some F-Series models or factory-installed optional equipment on other F-Series models, a feature generally referred to as the Ultimate Trailer Tow Package. Among other components, the Ultimate Trailer Tow Package includes equipment that enables the video-monitoring system in the truck to sense when a rear-facing camera has been added to a trailer (or other vehicle) that the truck is towing.

40. The Ultimate Trailer Tow Package is standard equipment on Super Duty trucks sold under the King Ranch, Platinum, and LTD model names.

41. The Ultimate Trailer Tow Package is sold as optional equipment on Super Duty trucks sold under the XL, XLT, and Lariat model names.

42. The Ultimate Trailer Tow Package or a similar set of components that achieves the operation similar to the Ultimate Trailer Tow Package has been sold on Ford F150 models as well as the Super Duty models.

43. For purposes of this complaint, "Control Circuit Accused Products" includes all Ford vehicles sold with a circuit that is capable of determining whether an additional rear-facing camera (typically mounted on a trailer) has been connected to the video monitoring system in the truck and is receiving power.

44. Ford has also sold and is selling the Accused Truck/Trailer Interface, either as part of the Ford Trailer Camera and Interface Kit or pre-installed on certain trucks either on or about the rear bumper of the truck or on the back end of the sidewall of the bed of the truck.

## FORD'S KNOWLEDGE OF THE PATENTS-IN-SUIT AND CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE

45. Ford has been made aware of the Patents-in-Suit since at least as early as August 29, 2017, when counsel for the patent owner and inventor Scott Kageta sent a letter to Damian Porcari, IP Counsel for Ford Motor Company (the "August 2017 Letter"). The August 2017 Letter identified the '746 Patent and a pending related application and the statement that "trailer camera option for [Ford's] 2017 Ford Super Duty truck which utilizes technology described in the Kageta portfolio."

46. The August 2017 Letter provided notice to Ford that its products infringe the '746 Patent.

47. On December 4, 2017, Mr. Raymond Coppiellie, Managing Counsel, Intellectual Property at Ford Global Technologies, LLC (a subsidiary of Ford Motor Company), responded to the August 2017 Letter ("Ford's December 4, 2017 Response"). Ford's December 4, 2017 Response argues that "the Ford Trailer Camera kit does not monitor power provided to the trailer camera," and that the '746 was unenforceable. Mr. Coppiellie sent a copy of Ford's December 4, 2017 Response to E.J. Benz, the President and Chief Operating Officer of Ford Global Technologies, LLC.

48. On March 22, 2018, counsel for the patent owner sent a letter to Mr. Coppiellie (the "March 2018 Letter"). The March 2018 Letter disputed the assertions in Ford's December 4, 2017 Response, and noted both that the '319 Patent had now issued and another application had been filed.

49. The March 2018 Letter provided notice to Ford that the '319 Patent had issued.

50. Ford did not respond to the March 2018 Letter.

51. On June 12, 2020, counsel for the patent owner sent another letter to Mr. Coppiellie (the "June 2020 Letter"). The June 2020 Letter discusses three of the Patents-in-Suit and a pending patent application that became the fourth Patent-in-Suit. The June 2020 Letter further states that "the claims of the pending application also cover the Ford interface and the Ultimate Trailer Tow Camera System."

52. The June 2020 Letter provides notice to Ford that its products infringe the '746 Patent, the '319 Patent, and the '757 Patent.

53. On August 6, 2021, counsel for the patent owner sent another letter to Mr. Coppiellie (the "August 2021 Letter"). The August 2021 was sent after the '489 Patent

issued, and thus the August 2021 Letter discusses all of the Patents-in-Suit. The August 2021 Letter further states that "Newly issued U.S. Patent No. 11,075,489 also cover the Ford interface for the Ultimate Trailer Tow Camera System."

54. The August 2021 Letter provides notice to Ford that its products infringe the Patents-in-Suit.

55. On December 1, 2021, outside counsel retained by Ford (Brooks Kushman) sent counsel for the patent owner a letter setting forth purported reasons why Ford did not infringe any of the four Patents-in-Suit (the "Brooks Kushman Letter").

56. At least some of the positions asserted in the Brooks Kushman Letter are objectively baseless. For example, the letter asserts that a declaration submitted by is "invalid" because it fails to disclose the "sense circuit." But the declaration in question refers expressly to the then pending (and original) claims, at least two of which expressly use the phrase "sense circuit." Other issues raised in the letter are also incorrect, as will be demonstrated if necessary.

57. Despite knowledge of the Patents-in-Suit and knowledge of the manner in which the Patents-in-Suit are infringed as demonstrated in the provided claim charts, Ford has continued to infringe, and/or induce the infringement of, the Patents-in-Suit.

# COUNT I:  DIRECT INFRINGEMENT OF U.S. PATENT '746

58. Kageta Tech incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as though set forth in full herein.

59. Claim 1 of the '746 Patent provides:

| Claim 1 Preamble | An apparatus, comprising |
|---|---|
| Element A | a video control circuit configured to receive a first video signal from a first camera and a second video signal from a second camera, |
| Element B | wherein the video control circuit is configured to provide the first video signal or the second video signal in response to a control signal, |
| Element C | wherein the control signal is indicative of whether a trailer plug is connected to a vehicle plug, |
| Element D | wherein the video control circuit comprises a sense circuit configured to generate the control signal, the sense circuit being configured to determine the trailer plug is connected by monitoring power provided to the second camera. |

60. Ford has made, offered for sale, and sold, and Ford continues to make, use, sell, import, and/or offer for sale the Control Circuit Accused Products that meet each and every element of at least claim 1 of the '746 Patent (as well as other claims).

61. Ford directly infringes claim 1 of the '746 Patent by selling, offering to sell, and trucks that incorporate the Control Circuit Accused Products.

62. Ford has had knowledge of the '746 Patent since at least August of 2017.

63. As a direct and proximate result of Ford's acts of patent infringement, Kageta Tech has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT II: INFRINGEMENT OF U.S. PATENT '319

64. Kageta Tech incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as though set forth in full herein.

65. Claim 1 of the '319 Patent provides:

| | |
|---|---|
| Claim 1 Preamble | An apparatus, comprising: |
| Element A | a vehicle plug; and |
| Element B | a video control circuit configured to receive a first video signal from a first camera and a second video signal from a second camera, wherein the video control circuit is configured to provide the first video signal or the second video signal in response to a control signal, wherein the control signal is indicative of whether a trailer plug is connected to the vehicle plug, wherein the video control circuit comprises a sense circuit configured to generate the control signal, the sense circuit being configured to determine the trailer plug is connected by monitoring power provided to or by the second camera; and |
| Element C | wherein the vehicle plug is attached to the rear of a vehicle for transmitting power and signals between the vehicle and a trailer, the vehicle plug comprising: |
| Element D | a first end configured to connect to the trailer plug, comprising a power conductor; |

| | |
|---|---|
| Element E | one or more video signal conductors configured to receive the second video signal; and |
| Element F | a second end configured to connect to the vehicle, comprising a first conductor configured to transmit the second video signal to the video control circuit disposed in the vehicle, wherein the video control circuit is configured to determine that the vehicle is in reverse and the trailer plug is coupled to the first end, |
| Element G | wherein the second video signal is provided to a display when the vehicle is in reverse and the trailer plug is coupled to the first end. |

66. Ford has made, offered for sale, and sold, and Ford continues to make, use, sell, import, and/or offer for sale the Control Circuit Accused Products that meet each and every element of at least claim 1 of the '319 Patent (as well as other claims).

67. Ford directly infringes claim 1 of the '319 Patent by selling, offering to sell, and trucks that incorporate the Control Circuit Accused Products and the Accused Truck/Trailer Interface.

68. Ford has had knowledge of the '319 Patent since at least March 2018.

69. To the extent Ford trucks are sold without the Accused Truck/Trailer Interface installed at the factory, Ford is liable for indirectly infringing the '319 Patent on the basis of inducing Ford truck owners to install the Ford Trailer Camera and Interface Kit, which Ford itself sells, on Ford F-Series pickup trucks.

70. Ford induces customers to install the Accused Truck/Trailer Interface at least by promoting the purchase and installation of the Accused Truck/Trailer Interface at the following websites owned and controlled by Ford: (1) https://accessories.ford.com/products/super-duty-2017-2021-trailer-mounted-camera; (2) https://shop.ford.com/configure/order/new/f150-lightning/config/exterior/Config%5B%7CFord%7CF-150%20Lightning%7C2023%7C1%7C1.%7C710A.W1E..PDR...SS5.AATAF.91X.CCAB.99V.63X.66A.77P.%5D?intcmp=vhp-seconNav-fbc-oreo

71. As a direct and proximate result of Ford's acts of patent infringement, Kageta Tech has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT III: INFRINGEMENT OF U.S. PATENT '757

72. Kageta Tech incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as though set forth in full herein.

73. Claim 1 of the '757 Patent provides:

| Claim 1 Preamble | 1. An apparatus for providing signals between a vehicle and a trailer, comprising: |
|---|---|
| Element A | a first interface comprising a first conductor for coupling to a video system of the vehicle and to a set of second conductors associated with lights of the vehicle; |
| Element B | a second interface configured for removable connection to a trailer plug and comprising a set of third conductors for coupling to the trailer plug and a receptacle configured to receive a connection to a trailer camera at a fourth conductor, wherein the receptacle is disposed at a |

|   | bottom of a periphery of the second interface and under at least one of the third conductors, wherein the set of third conductors are for coupling to the set of second conductors and the first conductor is for coupling to the fourth conductor, wherein the first interface and the second interface are a unitary piece for attachment at a hitch area of the vehicle. |
|---|---|

74. Ford has made, offered for sale, and sold, and Ford continues to make, use, sell, import, and/or offer for sale the Accused Truck/Trailer Interface that meet each and every element of at least claim 1 of the '757 Patent (as well as other claims).

75. Ford directly infringes claim 1 of the '757 Patent by selling and offering to sell F-Series trucks and Ford Trailer Camera and Interface Kit that incorporate the Accused Truck/Trailer Interface.

76. Ford has had knowledge of the '757 Patent and the basis on which its products would infringe the patent since at least June 12, 2020.

77. To the extent Ford trucks are sold without the Accused Truck/Trailer Interface installed at the factory, Ford is liable for indirectly infringing the '757 Patent on the basis of inducing Ford truck owners to install the Ford Trailer Camera and Interface Kit, which Ford itself sells, on Ford F-Series pickup trucks.

78. Ford induces customers to install the Accused Truck/Trailer Interface at least by promoting the purchase and installation of the Accused Truck/Trailer Interface at the following websites owned and controlled by Ford: (1) https://accessories.ford.com/products/super-duty-2017-2021-trailer-mounted-camera; (2) https://shop.ford.com/configure/order/new/f150-

[lightning/config/exterior/Config%5B%7CFord%7CF-150%20Lightning%7C2023%7C1%7C1.%7C710A.W1E..PDR...SS5.AATAF.91X.CCAB.99V.63X.66A.77P.%5D?intcmp=vhp-seconNav-fbc-oreo](#)As a direct and proximate result of Ford's acts of patent infringement, Kageta Tech has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT IV: INFRINGEMENT OF U.S. PATENT '489

79. Kageta Tech incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as though set forth in full herein.

80. Claim 1 of the '489 Patent provides:

| Claim 1 Preamble | 1. A vehicle, comprising: |
|---|---|
| Element A | a video control circuit configured to receive a first video signal from an on vehicle camera and a second video signal from a second camera, wherein the first video signal is from the on vehicle camera for providing an unobstructed rear view when a trailer is not connected to the vehicle and is obstructed when the trailer is connected to the vehicle, wherein the video control circuit is configured to provide the first video signal or the second video signal in response to a control signal, wherein the control signal is indicative of whether the second camera is attached for providing the second video signal from the second camera; and |
| Element B | a first conductor configured to couple to the video control circuit of the vehicle for the second video signal; |

| | |
|---|---|
| Element C | a set of second conductors associated with lights of the vehicle; and |
| Element D | a single piece vehicle plug interface comprising a first interface comprising first connections for the set of second conductors and a receptacle comprising a second connection for the first conductor, wherein the vehicle plug interface comprising a second interface comprising third connections for the set of second conductors and for the first conductor, wherein the vehicle plug interface is disposed for use near a hitch area of the vehicle off a rear end of the vehicle for connection to the trailer at the rear end of the vehicle, wherein the second connection is coupled one of the third connections, wherein the receptacle is below the first connections and wherein the first interface faces away from a front side of the vehicle and the second interface is on an opposite side of the single piece vehicle plug interface than the first interface, wherein a surface area of the second interface is smaller than a surface area of the first interface. |

81. Ford has made, offered for sale, and sold, and Ford continues to make, use, sell, import, and/or offer for sale the Control Circuit Accused Products that meet each and every element of at least claim 1 of the '489 Patent.

82. Ford directly infringes claim 1 of the '489 Patent by selling, offering to sell, and trucks that incorporate the Control Circuit Accused Products and the Accused Truck/Trailer Interface.

83. Ford has had knowledge of the '489 Patent and the basis on which its products would infringe the patent since at least August 6, 2021.

84. To the extent Ford trucks are sold without the Accused Truck/Trailer Interface installed at the factory, Ford is liable for indirectly infringing the '489 Patent on the basis of inducing Ford truck owners to install the Ford Trailer Camera and Interface Kit, which Ford itself sells, on Ford F-Series pickup trucks.

85. Ford induces customers to install the Accused Truck/Trailer Interface at least by promoting the purchase and installation of the Accused Truck/Trailer Interface at the following websites owned and controlled by Ford: (1) https://accessories.ford.com/products/super-duty-2017-2021-trailer-mounted-camera; (2) https://shop.ford.com/configure/order/new/f150-lightning/config/exterior/Config%5B%7CFord%7CF-150%20Lightning%7C2023%7C1%7C1.%7C710A.W1E..PDR...SS5.AATAF.91X.CCAB.99V.63X.66A.77P.%5D?intcmp=vhp-seconNav-fbc-oreo

86. As a direct and proximate result of Ford's acts of patent infringement, Kageta Tech has been and continues to be injured, and has sustained and will continue to sustain damages.

**WILLFUL INFRINGEMENT**

87. Ford has infringed and continues to infringe the above identified claims of each of the Patents-in-Suit despite its knowledge of the Patents and its knowledge that its products were and are using the technology claimed by the Patents and the objectively high likelihood that its acts constitute patent infringement.

88. Ford's infringement of the Patents-in-Suit is willful and deliberate, entitling Kageta Tech to enhanced damages under 35 U.S.C. § 284.

89. Ford's willful infringement and unwillingness to enter into license negotiations with Kageta Tech make this an exceptional case such that Kageta Tech should be entitled to recover its attorneys' fees and costs incurred in relation to this matter pursuant to 35 U.S.C. §285.

## JURY DEMAND

Kageta Tech demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kageta Tech requests that this Court enter judgment in its favor and against Ford as follows:

A. Adjudging, finding, and declaring that Ford has infringed of the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B. Awarding the past and future damages arising out of Ford's infringement of the Patents-in-Suit to Kageta Tech in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

C. Adjudging, finding, and declaring that Ford's infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

D. Adjudging, finding, and declaring that this is an "exceptional" case pursuant to 35 U.S.C. § 285;

E. Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

F. Granting Kageta Tech such other further relief as is just and proper, or as the Court deems appropriate.

Dated: August 8, 2023                    BAILEY PLC


                                By:      /s/ Landon D. Bailey
                                         Landon D. Bailey
                                         Attorneys for Plaintiff
                                         KAGETA TECH LLC