DAVID P. BERTEN (*Pro Hac Vice*)
ALISON A. RICHARDS (*Pro Hac Vice*)
GLOBAL IP LAW GROUP, LLC
55 W. Monroe Street
Suite 3400
Chicago, IL 60603
Telephone:  (312) 241-1505
Email:  dberten@giplg.com
arichards@giplg.com

LANDON D. BAILEY (State Bar No. 240236)
BAILEY PLC
1200 Suncast Lane, Suite 7
El Dorado Hills, CA 95762
Telephone:  (916) 713-2580
Email:  landon@baileyplc.com

*Attorneys for Plaintiff Kageta Tech LLC*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAGETA TECH LLC, a California Limited Liability Company;<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 2:23-cv-1632-WBS-CKD<br><br>**PLAINTIFF KAGETA TECH'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR MOTION FOR LEAVE TO TAKE THE DEPOSITION OF FORD'S DECLARANT RELATING TO VENUE; DECLARATION OF DAVID P. BERTEN;  [PROPOSED] ORDER SHORTENING TIME**<br><br>Date of Submission: January 8, 2024<br>Hon. Magistrate Judge Carolyn K. Delaney |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME**

Pursuant to Local Civil Rule 144(e), Plaintiff Kageta Tech LLC ("Kageta") respectfully applies for an order shortening the time to hear its Motion For Leave To Take The Deposition Of Ford's Declarant Relating To Venue (the "Motion For Leave"), filed concurrently herewith.

The undersigned contacted counsel for Defendant Ford Motor Company ("Ford") on January 5, 2023 at approximately 11:30 a.m. to obtain its position on this application to shorten time and to request that they stipulate to the relief sought. Berten Decl. ¶5. Counsel for Ford responded by saying that the motion should be heard even later than the next available motion date, i.e. instead of January 31 moving it to February. Id.

Good cause exists for this application. By its Motion For Leave, Kageta seeks to take the deposition of a Ford employee who provided a declaration in support of Ford's Motion to Transfer Venue, a motion seeking to transfer this entire litigation matter to the Eastern District of Michigan (see Dkt. No. 27). However, unless Kageta's Motion For Leave can be heard on shortened time, that Motion For Leave will effectively be moot because it will not be possible for Kageta to take the deposition of the witness prior to the due date of its opposition to the Motion to Transfer Venue. Berten Decl. ¶¶7-10.

This Court has authority to shorten the time to hear the Motion for Leave. Rule 6(c) of the Federal Rules of Civil Procedure sets forth the time for hearings on noticed motions "except[ ] . . . when a court order – which a party may, for good cause, apply for ex parte – sets a different time." Fed. R. Civ. P. 6(c)(1); *see also United States v. Fitch*, 472 F.2d 548, 549 n.5 (9th Cir. 1973) (citing former Rule 6(c) and explaining that this rule "allows the district court discretion to shorten time"). The Local Civil Rules for the U.S. District Court for the Eastern District of California recognize this authority, and provide that "applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time." Local R.

144(e).

The Ford employee whose deposition Kageta seeks purports to provide facts in the declaration about where the parts at issue in this patent infringement case were designed, developed, and tested, and what entities and individuals were involved. The Motion for Leave addresses a simple single issue: whether the Ford employee who provided the declaration should be subject to cross examination on the matters set forth in the declaration prior to hearing on, and adjudication of, the underlying Motion to Transfer Venue.  Taking the deposition prior to hearing the Motion to Transfer is particularly essential given the problems with the purported facts asserted in the subject declaration, some of which are detailed in the Motion For Leave To Take The Deposition.

Deposition of the Ford declarant should be taken before Kageta's response to Ford's Motion to Transfer is due so the Court can duly consider the information it may reveal or confirm in the course of determining the merits of the Motion to Transfer. Kageta's response in opposition to Ford's motion to transfer is currently due on January 31, 2024. This is the *same date* that this Court would hear the Motion For Leave To Take The Deposition Of Ford's Declarant Relating To Venue, in the absence of an Order shortening time. The issue of whether there will be a deposition of Ford's declarant should be determined – and any deposition should be taken – well before Plaintiff's response to the transfer motion is due. Absent the relief sought by this application, Kageta would be unable to get meaningful relief by way of its Motion For Leave position to the transfer motion. Alternatively, supplementing the opposition to the transfer motion with the information from the deposition would be wasteful and inefficient.  Berten Decl. ¶¶7-10.

To address the issues in an efficient and proper order, Plaintiff Kageta therefore requests that the Court enter an Order in response to this Application providing that any response from Ford to the Motion for Leave to Take the Deposition of Ford's Declarant Relating to Venue be

submitted by 5:00 p.m. on January 15, 2024, that any reply in support of the Motion is due from Plaintiff by 5:00 p.m. on January 17, 2024, and that the Motion For Leave To Take The Deposition Of Ford's Declarant Relating To Venue be heard on Friday January 18, 2024, or as soon thereafter as the Court is available to hear it.

    Counsel for Ford has been aware of this issue, and, specifically, Kageta's desire to take the deposition, since November 30, 2023, when Kageta's counsel first requested that Ford make the witness available for deposition. The parties have repeatedly discussed the deposition issue by email, and conducted a telephonic meet and confer on the deposition issue on January 4, 2024.

    Kageta thus respectfully requests that the Court exercise the authority granted to it by Fed. R. Civ. P. 6(c)(1) and Local Civil Rule 144(e) here and shorten the time by which the Motion for Leave to Take the Deposition of Ford's Declarant Relating to Venue will be briefed.

Dated: January 8, 2024                                                                BAILEY PLC

By:     /s/ Landon D. Bailey
        Landon D. Bailey
        Attorneys for Plaintiff
        KAGETA TECH LLC

## DECLARATION OF DAVID P. BERTEN

1. I am the attorney of record for the plaintiffs.

2. If called as a witness I could and would competently testify to the matters stated herein.

3. Counsel for Ford has been aware of this issue of the deposition since November 30, 2023, when Kageta's counsel first asked for the deposition of Ford's declarant by email. We also asked on December 4, 2023, December 8, 2023 (twice) and January 3, 2023. We also asked for a 26(f) conference by email on October 26, 2023 and December 7, 2023.

4. Due to holiday schedules, conducted the telephonic meet and confer on the deposition issue on January 4, 2024.

5. The next day, we emailed counsel for Ford to ask for its position on expediting the briefing on our motion related to the deposition and requested that Ford stipulate to having our Motion for Leave heard on shortened time. Counsel for Ford responded by saying that the motion should be heard even later than the next available motion date, i.e. instead of January 31 moving it to February. Ford stated: "Our January is booked with discovery close, pretrial and IPR hearings in three other matters. I propose that your team chose the next available motion date in February, assuming we are available."

6. Any deposition of the Ford declarant should be taken before our response to the Motion to Transfer is due such that the Court can consider the information it may reveal or confirm.

7. Plaintiff Kageta's response in opposition to Ford's motion to transfer is currently due on January 31, 2024. We understand that this is also the earliest date that this Court would hear the Motion For Leave to Take the Deposition of Ford's Declarant Relating to Venue, in the absence of an Order shortening for addressing the deposition motion.

8. The issue of whether there will be a deposition of Ford's declarant should be determined—and any deposition should be taken—before Plaintiff's response to the transfer motion is due.

9. Without an Order shortening the time for this motion related to the deposition, Ford would effectively win the deposition motion because the timing would be such that the deposition may not be able to be used in opposition to the transfer motion.

10. Supplementing our opposition to the transfer motion with the information from the deposition may also be wasteful and inefficient.

11. To address the issues in an efficient and proper order, Plaintiff Kageta therefore requests that the Court enter an Order in response to this Application providing that any responses

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on January 8, 2024.

Dated: January 8, 2024                              By:        /s/ David P. Berten

## ORDER SHORTENING TIME

Upon application of Plaintiff Kageta Tech LLC, and good cause appearing, **IT IS HEREBY ORDERED** that the time for hearing on Plaintiff Kageta Tech LLC's Motion for Leave to Take the Deposition of Ford's Declarant Relating to Venue is hereby shortened, and the hearing on said motion shall take place on **January 18, 2024 at 10:00 AM via Zoom**. Any opposition or other response from Ford to the Motion for Leave shall be submitted by 5:00 p.m. on January 15, 2024; and, any reply in support of the Motion for Leave from Plaintiff shall be submitted by noon on January 17, 2024.

IT IS SO ORDERED.

Dated: January 9, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Kage23cv1632.144e