1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      KAGETA TECH, LLC,                        No.  2:23-cv-01632-WBS-CKD

12                     Plaintiff,

13             v.                                ORDER

14      FORD MOTOR COMPANY,

15                     Defendant.

16

17             Plaintiff, Kageta Tech, LLC, moves under Rule 30(a)(2)(A)(iii) of the Federal Rules of

18      Civil Procedure for leave to take the deposition of Murugan Sundaram Ramasamy. (ECF No. 31.)

19      For the reasons set forth below, the motion is denied without prejudice.

20      **I.      Background**

21             Plaintiff filed the operative first amended complaint alleging patent infringement against

22      the defendant, Ford Motor Company, on October 19, 2023. (ECF No. 24.) Defendant filed an

23      answer on November 2, 2023. (ECF No. 26.) On November 29, 2023, defendant filed a motion

24      seeking to transfer venue to the United States District Court for the Eastern District of Michigan.

25      (ECF No. 27.) Plaintiff's response to the motion to transfer venue is currently due by January 31,

26      2024. (See ECF No. 30.)

27             On January 8, 2024, plaintiff filed the present motion for expedited discovery and moved

28      to shorten time for hearing the motion. (ECF Nos. 31, 32.) On January 9, 2024, the undersigned

1  granted the motion to shorten time and set a briefing schedule. (ECF No. 33.) Defendant opposed

2  the motion for discovery. (ECF No. 34.) Plaintiff filed a reply. (ECF No. 36.) At the conclusion of

3  briefing, the undersigned vacated the hearing set for this matter and ordered the motion submitted

4  without appearance and argument. (ECF No. 37.)

5      **II.    Legal Standards**

6      A party may not seek discovery from any source before the parties have conferred as

7  required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule

8  26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order. Fed. R. Civ. P.

9  26(d)(1). In the Ninth Circuit, courts assess whether there is "good cause" to permit discovery

10  before the Rule 26(f) conference. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D.

11  273, 276 (N.D. Cal. 2002); U.S. v. Distribuidora Batiz CGH, S.A. De C.V., No. 07-cv-370-

12  WQH-JMA, 2009 WL 2487971, at *10 (S.D. Cal. Aug. 10, 2009). In considering whether good

13  cause exists, factors courts may consider include "(1) whether a preliminary injunction is

14  pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited

15  discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in

16  advance of the typical discovery process the request was made." Am. Legalnet, Inc. v. Davis, 673

17  F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

18      **III.    Discussion**

19      As set forth, defendant moved to transfer venue to the Eastern District of Michigan and

20  plaintiff's opposition to the motion to transfer venue is currently due January 31, 2024. "Change

21  of venue in patent cases, like other civil cases, is governed by 28 U.S.C. § 1404(a)." In re TS

22  Tech USA Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008). Section 1404(a) sets forth a two-step

23  transfer analysis: the court first asks whether the action could have been brought in the proposed

24  transferee venue and then determines whether transfer will serve the convenience of the parties

25  and witnesses and will promote the interest of justice. Hatch v. Reliance Ins. Co., 758 F.2d 409,

26  414 (9th Cir. 1985).

27      In the motion presently before the court, plaintiff seeks leave to depose Murugan

28  Sundaram Ramasamy on the information set forth in Ramasamy's declaration supporting

2

1   defendant's motion to transfer venue. (ECF No. 31 at 3.)[1] According to the declaration at issue,

2   Ramasamy is a Ford employee since 2019 who currently has the title of Design Analysis

3   Engineer. (See ECF No. 27-2.) Plaintiff states defendant has refused to meet for a Rule 26(f)

4   scheduling conference, thereby opening fact discovery, and has declined to make Ramasamy

5   available for a deposition. (Id.) Plaintiff argues it has a good faith basis to believe many of the

6   statements in Ramasamy's declaration are "misleading or at least incomplete, as would be

7   demonstrated on cross-examination." (Id.)

8        Defendant argues plaintiff seeks a fishing expedition. (ECF No. 34 at 4.) Defendant

9   argues plaintiff fails to identify any relevant facts it intends to develop in a deposition that would

10  link this case to the Eastern District of California as more convenient than the Eastern District of

11  Michigan. (Id. at 4-5.) Defendant argues it did not mislead the court or omit relevant facts from

12  its motion and supporting evidence. (Id. at 7-8.)

13       In reply, plaintiff notes there is no dispute that venue is proper in this district and that

14  defendant bears the burden of showing Michigan is clearly a more convenient forum than this

15  district. (ECF No. 36 at 2.) Plaintiff argues it has demonstrated statements in the witness

16  declaration "were incorrect or at least misleading, and that development work was not confined to

17  southeast Michigan." (Id.)

18       Plaintiff has not shown good cause for the requested expedited discovery. Plaintiff's

19  motion does not adequately identify information it needs to support its venue arguments which

20  would be obtained through the requested expedited discovery, instead focusing on activities

21  occurring in Germany. (See ECF No. 31 at 5-7.) District courts find good cause for venue

22  discovery when there are indications such discovery could "change the result" on the issue, see

23  Kaia Foods, Inc. v. Bellafiore, 70 F. Supp. 3d 1178, 1187 (N.D. Cal. 2014), or when the court

24  finds it may be useful in resolving issues of fact presented by the motion, Hayashi v. Red Wing

25  Peat Corp., 396 F.2d 13, 14 (9th Cir. 1968) (granting venue discovery to oppose a motion to

26  dismiss for improper venue); see also Genentech, Inc. v. Eli Lilly & Co., No. 18-CV-01518-JLS-

27

28  [1] References to page numbers in the parties' briefing refer to the page numbers assigned by
    CM/ECF.

1   JLB, 2019 WL 1923087, at *2 (S.D. Cal. Apr. 29, 2019) (permitting venue discovery where

2   "discovery may be useful in this matter").[2]

3          It is not clear what issues of fact, if any, will be presented by the pending motion to

4   transfer venue because the motion is not briefed.[3] The declaration information plaintiff disputes

5   in the present motion involves activities that allegedly occurred in Germany. Activities in

6   Germany do not favor venue in California. Plaintiff does not identify any concrete information it

7   needs from Ramasamy to support its venue arguments for this district.

8          Plaintiff also fails to show Ramasamy's declaration contains incorrect or at least

9   misleading information. Plaintiff argues it has demonstrated that "development work was not

10   confined to southeast Michigan" (ECF No. 36 at 2), but Ramasamy's declaration made no such

11   claim. (Compare ECF No. 27-2 at 9 ("The Accused Products were primarily designed, developed,

12   and tested at Ford's world headquarters in Dearborn.").) Under all the circumstances, plaintiff has

13   not shown good cause for expedited venue discovery. See, e.g., Olivia Garden, Inc. v. Stance

14   Beauty Labs, LLC, No. 17-CV-05778-HSG, 2018 WL 3392063, at *3 (N.D. Cal. July 12, 2018)

15   (rejecting venue discovery where plaintiff did not explain what new facts would be unearthed and

16   defendants submitted declaration containing facts pertinent to venue which plaintiff did not

17   substantively dispute); Kaia Foods, Inc., 70 F. Supp. 3d at 1187 (denying request for venue

18   discovery in patent case where the movant "offered nothing ... that leads the Court to believe that

19   venue discovery will change the result on this [venue] issue"); Virginia Innovation Scis., Inc. v.

20   Samsung Elecs. Co., 928 F. Supp. 2d 863, 874 (E.D. Va. 2013) (denying "request for additional

21   discovery amount[ing] to nothing more than an attempt to unearth facts contrary to those sworn

22   facts presented to the Court"). In the absence of good cause shown for expedited discovery,

23   plaintiff's motion is denied without prejudice at this time.

24   _____

25   [2] The undersigned agrees with defendants that plaintiff's multidistrict litigation cases cited as
     authority for the proposition that "Venue Discovery is Common and Proper" and "venue transfer
26   motions are seldom considered before discovery closes" (see ECF No. 31 at 7-8) do not
     persuasively apply to this case.

27
     [3] The presiding district judge, rather than the undersigned, will hear and decide the motion to
28   transfer venue.

**IV.    Order**

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion under Rule 30(a)(2)(A)(iii) of the Federal Rules of Civil Procedure for leave to take the deposition of Murugan Sundaram Ramasamy (ECF No. 31) is denied without prejudice.

Dated:  January 18, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.kage23cv1632.r30

5