1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   KAGETA TECH LLC, a California          No. 2:23-cv-1632 WBS CKD
     Limited Liability Company,
13
                   Plaintiff,
14                                          MEMORANDUM AND ORDER RE:
          v.                                DEFENDANT'S MOTION TO
15                                          TRANSFER VENUE
     FORD MOTOR COMPANY,
16
                   Defendant.
17

18                          ----oo0oo----

19          Plaintiff Kageta Tech, LLC brought this action against

20   defendant Ford Motor Company alleging patent infringement.

21   Defendant now moves to transfer venue to the Eastern District of

22   Michigan.  (Docket No. 27.)

23   I.   Factual Background

24          Plaintiff Kageta Tech is an LLC organized under

25   California law, located in El Dorado Hills, California.  (First

26   Am. Compl. ("FAC") ¶ 1.)  Scott Kageta, the manager of Kageta

27   Tech and the named inventor of the patents at issue, resides in

28
                                1

1   El Dorado Hills, California.  (Id. ¶ 2.)

2          Defendant Ford Motor Company is a Delaware corporation

3   with its headquarters in Dearborn, Michigan.  (See id. ¶ 3; Decl.

4   of Murugan Sundaram Ramasamy ("Ramasamy Decl.") (Docket No. 27-2)

5   ¶ 9.)  Ford sells automobiles, automobile parts, and automobile

6   accessories.  (FAC ¶ 4.)

7          This case concerns defendant's automobile accessory kit

8   that includes a camera intended to be mounted on the back of a

9   trailer or other towed vehicle and an interface designed to be

10  installed near a truck bumper for connecting the camera to the

11  truck's video system.  (See id. ¶ 5.)  Plaintiff alleges that the

12  accessory kit contains "a component intended to be installed on a

13  truck that has connectors on one side for connecting wires from

14  the truck and connectors on the other side for connecting wires

15  from a trailer or other towed vehicle" that infringes on

16  plaintiff's patents, U.S. Patent Nos. 9,154,746; 9,882,319;

17  10,418,757; and 11,075,489.  (See id. ¶ 9.)  Plaintiff also

18  states that certain Ford vehicles are sold with the allegedly

19  infringing component already installed.  (See id. ¶ 43.)[1]

20  II.  Discussion

21          "A defendant for whom venue is proper but inconvenient

22  may move for a change of venue under 28 U.S.C. § 1404(a)."

23  Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174,

24  1181 (9th Cir. 2004); 28 U.S.C. § 1404(a) ("For the convenience

25  of parties and witnesses, in the interest of justice, a district

26

27          [1]   The court will collectively refer to the accessory kit
    component and the vehicles sold with the component installed as
28  the "Accused Products."

1  court may transfer any civil action to any other district or

2  division where it might have been brought.")  The purpose of this

3  provision "is to prevent the waste of time, energy and money and

4  to protect litigants, witnesses and the public against

5  unnecessary inconvenience and expense."  Van Dusen v. Barrack,

6  376 U.S. 612, 616 (1964) (internal quotation marks omitted).

7        Because the statute contemplates transfer "to any other

8  district or division where [the action] might have been brought,"

9  see 28 U.S.C. § 1404(a), defendant must first make a threshold

10  showing that venue and jurisdiction would be proper in the

11  district to which it seeks transfer.  Vu v. Ortho-McNeil Pharm.,

12  Inc., 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009); see also

13  F.T.C. v. Watson Pharm., Inc., 611 F. Supp. 2d 1081, 1090 (C.D.

14  Cal. 2009) ("For transfer under § 1404(a), the threshold issue is

15  whether the case 'might have been brought' in the proposed

16  venue.").  Venue in patent cases is governed by 28 U.S.C. §

17  1400(b), rather than the more permissive general venue statute,

18  28 U.S.C. § 1391.  TC Heartland LLC v. Kraft Foods Grp. Brands

19  LLC, 137 S. Ct. 1514, 1518-19 (2017).  Under § 1400(b), patent

20  infringement actions may only be brought in (1) "the judicial

21  district where the defendant resides" or (2) "where the defendant

22  has committed acts of infringement and has a regular and

23  established place of business."  28 U.S.C. § 1400(b).

24        Here, venue is clearly proper in the Eastern District

25  of Michigan because the defendant resides in that district.  (See

26  Ramasamy Decl. ¶ 9.)  Plaintiff concedes that this action could

27  have been brought in the Eastern District of Michigan.  (See

28  Opp'n (Docket No. 39) at 12.)

1    Because venue would be proper in the Eastern District

2   of Michigan, the court next "must evaluate three elements: (1)

3   convenience of the parties; (2) convenience of the witnesses; and

4   (3) interests of justice."  See Anza Tech., Inc. v. Toshiba Am.

5   Elec. Components, No. 2:17-cv-01688 WBS DB, 2017 WL 6538994, at

6   *2 (E.D. Cal. Dec. 21, 2017) (quoting Safarian v. Maserati N.

7   Am., Inc., 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008)) (internal

8   quotation marks omitted).  This analysis may include a number of

9   factors, including "(1) the location where the relevant

10  agreements were negotiated and executed, (2) the state that is

11  most familiar with the governing law, (3) the plaintiff's choice

12  of forum, (4) the respective parties' contacts with the forum,

13  (5) the contacts relating to the plaintiff's cause of action in

14  the chosen forum, (6) the differences in the costs of litigation

15  in the two forums, (7) the availability of compulsory process to

16  compel attendance of unwilling non-party witnesses, and (8) the

17  ease of access to sources of proof."  Jones v. GNC Franchising,

18  Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Decker Coal Co. v.

19  Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

20  Section 1404(a) affords district courts broad discretion "to

21  adjudicate motions for transfer according to an individualized,

22  case-by-case consideration of convenience and fairness."  Jones,

23  211 F.3d at 498 (quoting Stewart Org. v. Ricoh Corp., 487 U.S.

24  22, 29 (1988)) (internal quotation marks omitted).

25    The moving party has the burden of showing that

26  transfer is appropriate.  See Jones, 211 F.3d at 499; Williams v.

27  Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  "The

28  defendant must make a strong showing of inconvenience to warrant

1    upsetting the plaintiff's choice of forum," Decker Coal, 805 F.2d

2    at 843, and transfer must do more than "merely . . . shift the

3    inconvenience from one party to another," Safarian, 559 F. Supp.

4    2d at 1071.

5           As explained in greater detail below, the court

6    concludes that the balance of factors weighs in favor of

7    transfer.

8           A.    Convenience of Parties

9           In considering convenience of the parties, courts

10   typically afford "great weight" to the plaintiff's choice of

11   forum.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

12   Here, plaintiff's place of business is located in, and the

13   inventor of the patent resides in, the Eastern District of

14   California.  This district would be far more convenient for

15   plaintiff, who would have to travel a long distance to appear in

16   Michigan.

17          However, in patent cases, plaintiff's choice of forum

18   is afforded less weight because "the preferred forum is 'that

19   which is the center of gravity of the accused activity.'"

20   Peregrine Semiconductor Corp. v. RF Micro Devices, Inc., No. 12-

21   cv-911-IE-WMC, 2012 WL 2068728, at *6 (S.D. Cal. June 8, 2012)

22   (quoting Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260

23   (W.D. Wash. 2005)); see also Synopsis, Inc. v. Mentor Graphics

24   Corp., No. cv-12-5025-MMC, 2013 WL 1365946, at *5 (N.D. Cal. Apr.

25   3, 2013) ("[T]he center of the accused activity is the district

26   in which the defendant is alleged to have developed, tested,

27   researched, produced, marketed, and made sales decisions

28   concerning the accused product.") (citation omitted); Saleh v.

1   Titan Corp., 361 F. Supp. 2d 1152, 1158 (S.D. Cal. 2005) ("When

2   the conduct and events giving rise to the cause of action did not

3   take place in the plaintiff's selected forum, the plaintiff's

4   preference has minimal value even if it is his home forum.")

5   (quoting Boyd v. Snyder, 44 F. Supp. 2d 966, 970 (N.D. Ill.

6   1999)).  "'This makes sense because in determining whether

7   infringement has been established, the principal target of

8   inquiry is the design and construction of the accused product.'"

9   Signal IP, Inc. v. Volkswagen Grp. of Am., Inc., No. LACV 14-

10  03113 JAK JEM, 2015 WL 5766170, at *4 (C.D. Cal. Jan. 20, 2015)

11  (quoting Arete Power, Inc. v. Beacon Power Corp., No. CV 07-5167

12  WDB, 2008 WL 508477, at *5 (N.D. Cal. Feb. 28, 2008)).

13          Based on the information before the court, Ford's

14  alleged infringing activity largely occurred at defendant's

15  headquarters located in the Eastern District of Michigan.  (See

16  Ramasamy Decl. ¶ 9 ("The Accused Products were primarily

17  designed, developed, and tested at Ford's world headquarters in

18  Dearborn.").)  Plaintiff argues that defendant cannot be said to

19  have primarily designed the Accused Products because defendant

20  states that some components of the infringing products were

21  provided or assembled by external suppliers.  Even if this is

22  true, defendant states that the relevant suppliers have locations

23  in southeast Michigan.  (See id. ¶ 12.)[2]  At any rate, there is

24  no indication that any of those suppliers are located in the

25          [2]    Defendant states that the 7/12-way connector assembly
26  was supplied by Erich Jaeger USA, Inc., located in Livonia,
    Michigan; the video control module was supplied by Magna
27  International and Valeo North America, both located in in Troy,
    Michigan; and kit assembly was provided by Hollingsworth, LLC,
28  located in Dearborn, Michigan.  (Ramasamy Decl. ¶ 12.)

1   Eastern District of California, and defendant's declaration

2   states that no "substantive design or development of the Accused

3   Products by Ford . . . took place in the Eastern District of

4   California."  (See id. ¶ 14.)

5          Because the Eastern District of Michigan appears to be

6   the center of gravity of the accused activity, this factor weighs

7   in favor of transfer.

8          B.    Convenience of Witnesses

9          "Convenience of nonparty witnesses 'is often the most

10   important factor [in the section 1404(a) analysis].'"  Tolentino

11   v. Mossman, No. 2:07-cv-1243 GEB DAD, 2008 WL 1787752, at *1

12   (E.D. Cal. Apr. 18, 2008) (quoting A.J. Indus., Inc. v. U.S.

13   Dist. Ct., 503 F.2d 384, 389 (9th Cir. 1974)); see also Welenco,

14   Inc. v. Corbell, No. 2:13—cv-287 KJM CKD, 2014 WL 130526, at *7

15   (E.D. Cal. Jan. 14, 2014).  "To demonstrate the inconvenience of

16   witnesses, the moving party must identify relevant witnesses,

17   state their location and describe their testimony and its

18   relevance."  Williams, 157 F. Supp. 2d at 1108.

19          Here, defendant has identified by name ten current Ford

20   employees who work at Ford's headquarters in Dearborn, Michigan,

21   and indicated that those employees have "knowledge relevant to

22   the functionality or sales of the Accused Products."  (Ramasamy

23   Decl. ¶ 10.)  Defendant has further identified the topic on which

24   the employees would testify on if called at trial.  For example,

25   Ford employee Albert Tan is described as an engineer who works on

26   vehicle personalization and trailer accessories, and would

27   presumably testify on that topic, which is plainly relevant to

28   plaintiff's allegations.  (See id.)  Defendant has also

7

1    identified by name five former Ford employees, whom defendant

2    believes to still reside in southeast Michigan based on their

3    last known addresses, and similarly indicated the topic on which

4    they would testify based on their former position at Ford.  (See

5    id. ¶ 11.)  Defendant indicates that these employee and former

6    employee witnesses have knowledge concerning various technical

7    and non-technical (e.g., component purchasing) aspects of the

8    design and manufacture of the Accused Products relevant to this

9    action.  (See id. ¶¶ 10-11.)

10            For the first time in its reply brief, defendant also

11   identified six named third-party witnesses associated with the

12   companies (Magna, Valeo, Erich Jaeger, and Hollingsworth) that

13   supply components and services in connection with the Accused

14   Products.  (See Docket No. 40 at 7.)  Defendant indicates that,

15   if called at trial, these witnesses would provide testimony

16   concerning the "independent development and operation" and "sales

17   volumes, costs, and pricing" of the Accused Products.  (See id.)

18   Though the court need not rely on these witnesses, it notes that

19   Ford's counsel represents that these individuals are all located

20   in the Eastern District of Michigan.  (See id.)

21            With respect to the witnesses identified by defendant,

22   "the present forum would present a hardship" for "the simple

23   reason that [this district] is significantly farther for these

24   witnesses to travel to testify than is the Eastern District of

25   Michigan."  See Eclipse IP LLC v. Volkswagen Grp. of Am., Inc.,

26   No. EDCV 12-2087 PSG SPX, 2013 WL 9935572, at *3 (C.D. Cal. May

27   10, 2013).  Plaintiff has not identified any non-party witnesses

28   located in the Eastern District of California.  Because it

1    appears there are several potential third-party witnesses located

2    in the Eastern District of Michigan and none in the Eastern

3    District of California, the convenience of non-party witnesses --

4    arguably the most important factor -- strongly favors transfer.

5            C.    Interests of Justice

6            The "interests of justice" are served by transfer where

7    it would further the "efficient and expeditious administration of

8    justice."  See HTC Corp. v. Acacia Research Corp., No. SACV 15-

9    378-CJC-DFM, 2015 WL 9915938, at *3 (C.D. Cal. Sept. 10, 2015)

10   (quoting Sherar v. Harless, 561 F.2d 791, 794 (9th Cir. 1977)).

11   The court will analyze the various justice factors raised by the

12   parties.

13           The court first considers the parties' relevant

14   contacts with each forum.  Ford has extensive contacts in the

15   Eastern District of Michigan, where it is headquartered and where

16   the allegedly infringing activity primarily took place.  Ford

17   also has contacts in the Eastern District of California.

18   Specifically, plaintiff points to defendant's operation of a

19   parts distribution center in Manteca, California, and defendant's

20   sale of its products via multiple Ford dealerships across the

21   district.  (See FAC ¶¶ 12-14.)  With respect to the Manteca

22   facility, defendant's declaration states that the facility "does

23   not sell or distribute the [accessory] kits" at issue.  (Ramasamy

24   Decl. ¶ 16.)  Further, "[a]lthough many Ford vehicles are sold in

25   this District -- and in other ones throughout the United States -

26   - the contacts relevant to this case, i.e., those with the

27   greatest significance as to the research [and] design of the

28   accused products, are centered in the Eastern District of

1    Michigan."   See Signal IP, Inc. v. Ford Motor Co., No. LA CV14-

2    03106 JAK, 2014 WL 4783537, at *4 (C.D. Cal. Sept. 25, 2014).

3    See also Free-Flow Packaging Int'l, Inc. v. Automated Packaging

4    Sys., Inc., No. CV-17-6398-MWF (JCX), 2017 WL 8941278, at *5

5    (C.D. Cal. Nov. 2, 2017) ("From a sales perspective, this

6    District is not particularly unique.  In any event, in a patent

7    infringement suit, sales and warehousing activities are far less

8    important than research, development, and manufacturing

9    activities.").

10            It appears that the only relevant contact in this

11   district is plaintiff's invention of the product.  However, this

12   contact is far less relevant than defendant's allegedly

13   infringing conduct that took place primarily in the Eastern

14   District of Michigan.  The parties' contacts with both forums

15   thus weigh in favor of transfer.[3]

16            The court next looks to ease of access to sources of

17   proof in the transferee district.  "'In patent infringement

18   cases, the bulk of the relevant evidence usually comes from the

19   _____

20          [3]   Plaintiff argues that the court should deny transfer
     because plaintiff is not subject to personal jurisdiction in the
     Eastern District of Michigan due to his lack of contacts there.
21   While this is an interesting observation, as plaintiff concedes,
     a plaintiff's contacts with the transferee forum is not one of
22   the factors considered in determining whether transfer of venue
     is appropriate.  See In re Genentech, Inc., 566 F.3d 1338, 1348
23   (Fed. Cir. 2009) (indicating that the "uncertainty of
     [plaintiff's] personal jurisdiction" in the transferee venue is
24   not a ground for denying transfer); 3 Cyclopedia of Fed. Proc. §
     4:109 (3d ed.) ("Under [§ 1404(a)], a transfer may only be made
25   to a court that has personal jurisdiction over the defendant . .
     . There is no requirement under the statute that . . . there be
26   sufficient minimum contacts with the plaintiff.").  The court
     will not, as plaintiff urges, "reconsider" the authorities on
27   this issue.

28

1   accused infringer.  Consequently, the place where the defendant's

2   documents are kept weighs in favor of transfer to that

3   location.'"  Data Scape Ltd. v. Barracuda Networks, Inc., No.

4   1:19-cv-00179 LJO EPG, 2019 WL 3842884, at *5 (E.D. Cal. Aug. 15,

5   2019) (quoting In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed.

6   Cir. 2009)).  Defendant asserts that its "engineering documents,

7   computer systems, technical specifications, software code,

8   drawings, physical specimens, component purchasing records, sales

9   records, and other evidence pertaining to the Accused Products

10  are located at Ford's facilities in Dearborn, Michigan."

11  (Ramasamy Decl. ¶ 13.)  Defendant does not indicate why that

12  evidence would be difficult to transport, and the court presumes

13  that much of the evidence could be transmitted electronically.

14  See Eclipse IP, 2013 WL 9935572, at *6.  However, there is no

15  indication that any relevant evidence is located in the Eastern

16  District of California.  Because relevant evidence is located in

17  the Eastern District of Michigan but it is not clear what

18  difficulty, if any, there would be in transporting or

19  transmitting that evidence to this district, this factor weighs

20  only slightly in favor of transfer.

21          The court next considers the availability of compulsory

22  process to secure the attendance of witnesses.  Pursuant to

23  Federal Rule of Civil Procedure 45, a district court may only

24  compel a person's attendance via subpoena if the place of

25  attendance is located "within 100 miles of where the person

26  resides, is employed, or regularly transacts business in person,"

27  or "within the state where the person resides, is employed, or

28  regularly transacts business in person" under certain conditions.

1   <u>See</u> Fed. R. Civ. Proc. 45(c)(1).  As discussed above, defendant

2   has identified several non-party witnesses not employed by Ford

3   who reside in or near the Eastern District of Michigan, while

4   plaintiff has not identified any third-party witnesses located in

5   this district.  "This disparity is sufficient to find that it is

6   substantially more likely that Defendant will be prejudiced at

7   trial by the unavailability of compulsory process should the

8   action remain in this District."  <u>See</u> <u>Signal IP v. Ford</u>, 2014 WL

9   4783537, at *5; <u>see also</u> <u>Signal IP v. Volkswagen</u>, 2015 WL

10  5766170, at *6 (same).  "The fact that the transferee venue is a

11  venue with usable subpoena power here weighs in favor of

12  transfer, and not only slightly."  <u>See</u> <u>In re Genentech</u>, 566 F.3d

13  at 1345.

14          Finally, the court considers differences in the cost of

15  litigation in each district.  "Generally, litigation costs are

16  reduced when venue is located near most of the witnesses expected

17  to testify."  <u>Italian Colors Rest. v. Am. Express Co.</u>, No. CV 03–

18  3719 SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003).

19  Here, it would plainly appear to be more expensive to litigate in

20  the Eastern District of California, as all of the third-party

21  witnesses that have been identified by the parties would be

22  required to travel a long distance to attend court proceedings.

23  In contrast, if litigated in the Eastern District of Michigan,

24  only the plaintiff would need to travel to appear.  This factor

25  therefore weighs in favor of transfer.

26          This court sympathizes with plaintiff's professed

27  desire to personally attend not just the trial but the critical

28  pretrial hearings in his case, and the court cannot speculate

                                    12

1   whether or to what extent plaintiff may be able to participate

2   virtually in any of those proceedings in the Eastern District of

3   Michigan.   Nevertheless, the court finds that considered overall

4   the § 1404(a) factors weigh in favor of transfer.

5            IT IS THEREFORE ORDERED that defendant's motion to

6   transfer venue (Docket No. 27) be, and the same hereby is,

7   GRANTED.   This action is hereby TRANSFERRED to the Eastern

8   District of Michigan for all further proceedings.   The Clerk of

9   this court is instructed to close this case after transfer is

10  complete.

11  Dated:   March 5, 2024

12                                    WILLIAM B. SHUBB
                                      UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28